ties, the notice prescribed by the act in question complied with the requirements of the Constitution.

It is urged, however, that even if the "Park Act," so called, was in force, it was not followed in this proceeding. It is objected that the common council did not declare its intention to take the property at its next regular meeting after the filing of the map, as directed by section 4 (page 258) of the park act. It seems to me that it is a perfect answer to that criticism, and to the others of like character which appellant's counsel makes, that upon the hearing before the commissioners, and when the owner, as appears by the search, Hector McLean, the father of the appellant, appeared, no such objection was raised. So far as shown by the search, he was the owner, he and his daughter, the appellant, resided together upon the premises. They gave evidence as to its value. A Mr. Jordan, who at all the times mentioned was the appellant's agent, was one of the witnesses called for such purpose, and no suggestion was made that any defect in the proceedings, such as is now urged, existed. As an original proposition, and especially under the circumstances of this case, it seems to me that the contention of the appellant, that the intention of the common council to acquire the premises by condemnation proceedings was prematurely declared, ought not to prevail.

There is no merit in this appeal. The notice of the proceedings was given as provided by the statute. The apparent owner, and as shown by the search, appeared by the same counsel who now appears for the appellant, raised no objection to the form or manner of procedure until after the award was made, and, apparently satisfied that upon the evidence he cannot successfully maintain that such award was inadequate; he seeks to overthrow the proceeding by reason of technical objection. It is apparent that the appellant, who, it appears, was the owner of the premises, was fully conversant with the proceedings which were had. Her father, the apparent owner, with whom she was living upon the premises, was in attendance throughout, and was represented by the counsel who now represents her upon this appeal. Her agent who then had charge of the premises was present and gave testimony before the commissioners, and it seems to me that the appellant ought not now to be heard to object to the confirmation of the report of the commissioners upon any ground which is suggested in the brief of her counsel. It follows that the orders appealed from should be affirmed, with costs.

Orders appealed from affirmed, with costs. All concur.

---

### MacMULLEN v. CITY OF MIDDLETOWN.

(Supreme Court, Special Term, Orange County. February 23, 1905.)

DEFECTIVE SIDEWALKS—INJURY TO PEDESTRIAN—NOTICE TO CITY OF DEFECT.

The requirement of a city charter that to recover for personal injuries from neglect of the city to keep its sidewalks in a reasonably safe condition, it must be shown that a written notice of the dangerous condition was given the city council, is unconstitutional, as taking away the right

of action altogether, and in that way destroying a property right. It is enough that the city had actual notice of the condition.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, § 235.]

Action by Charles MacMullen against the city of Middletown. Defendant demurs to the complaint. Demurrer overruled.

E. N. Oakes, Thomas Watts, and William Vanamee, for plaintiff.
Russell Wiggins, for defendant.

DICKEY, J. The demurrer interposed in this action is based on the failure of the complaint to contain an allegation that a written notice of the existence of the snow or ice on the sidewalk was actually given to the common council, and there was a failure or neglect to cause such snow or ice to be removed, or the place otherwise made reasonably safe, within a reasonable time after the receipt of such notice; the claim being that it is a condition precedent to recover for a claimant to allege and prove that such a written notice was served on the common council by somebody. The complaint contains an allegation that the defendant had knowledge or notice of the dangerous condition of the sidewalk for upwards of two weeks, which is an allegation of actual notice of its condition. As the duty is imposed on the city to keep its sidewalks in a reasonably safe condition, it appears to me that the requirement of the charter that, to recover for personal injuries received because of the neglect of the city in not keeping its sidewalks in a reasonably safe condition it must be shown that a written notice of the dangerous condition had been given to the common council is so unreasonable that the provision of the charter in that respect cannot be upheld. The courts have held good a provision that, to recover in such cases, there must be an actual, instead of a constructive, notice to the city authorities; but, so far as I can find, there has yet been no approval of this additional requirement of a written notice. To my mind, the enforcement of such a provision would practically take away the right of action altogether, and in that way destroy a property right. It may be held that it was in power of Legislature to so restrict or destroy the right of action, but I will not do it in the first instance.

Demurrer overruled, with costs, with leave to answer.